# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROWENA CURIEL, | 1:08-cv-01580 AWI-GSA |
| Plaintiff, | SCHEDULING ORDER (Fed. R. Civ. P. 16) |
| | Discovery Deadlines:<br>Non-Expert: July 31, 2009<br>Expert Disclosures : Aug. 7, 2009<br>Suppl. Expert Disclosures : Aug. 21, 2009<br>Expert Discovery : Sept. 18, 2009 |
| v. | Motion Deadlines:<br>    Non-Dispositive: Sept. 18, 2009<br>    Dispositive: October 16, 2009 |
| | Settlement Conference:<br>    Nov. 18, 2009 at 10:30 a.m. |
| HENRY SCHEIN, INC., | Courtroom 10 (GSA) |
| Defendants. | Pre-Trial Conference:<br>    Jan. 21, 2010 at 8:30 a.m.<br>    Courtroom 2 (AWI), 8th Floor |
| | Trial:  March 23, 2010 at 8:30  a.m.<br>    Courtroom 2 (AWI), 8th Floor<br>    10 days<br>    Jury Trial |

///

///

///

1

**I.    Date of Scheduling Conference**

January 22, 2009

**II.   Appearances of Counsel**

Rayma Church appeared personally on behalf of Plaintiff Rowena Curiel ("Plaintiff").

David J. Cravens appeared personally on behalf of Defendant Henry Schein, Inc. ("Defendant").

**III.  The Pleadings**

**A.    Summary of the Pleadings**

*1.    Plaintiff's Contentions:*

Plaintiff is a Hispanic female over the age of 40. Plaintiff was employed by Defendant from 2000 through 2005 as a field sales consultant. After she moved from the Bay Area to the San Joaquin Valley to expand Defendant's markets, Plaintiff's manager changed and she began noticing practices of discrimination related to gender. In 2007, Defendant changed Plaintiff's position to that of technology sales specialist but failed to provide her training or support, while training and support was provided to male co-workers. Plaintiff was given a non-exclusive territory and her previous successful field sales territories were reassigned primarily to Caucasians. In February 2008, Defendant terminated Plaintiff.

Plaintiff contends Defendant engaged in unlawful discrimination against women, Hispanics and persons over the age of 40, in that such persons who were male, white and under the age of 40 were given preferential or more advantageous terms and conditions of employment resulting in higher compensation. Plaintiff contends that Defendant's conduct violated California Government Code section 19240a, prohibiting discrimination based upon gender, race and age. By reason of such discrimination, Plaintiff contends she suffered economic and non-economic damages.

Plaintiff is seeking compensatory damages in the form of economic damages (for lost

wages) and non-economic damages for emotional distress; punitive damages; and, attorney's fees and costs.

   *2. Defendant's Contentions*:

   Defendant Henry Schein denies all liability as to each claim alleged in the complaint. Furthermore, Defendant denies that Plaintiff suffered any adverse employment action as a result of gender, age, racial or other discrimination. Defendant has filed an answer in this matter alleging specific affirmative defenses, which it incorporates by reference.

   *3. Proposed Amendments to the Pleadings*

   The parties to do not anticipate amending the pleadings at this time.

**IV.     Factual Summary**

   A.     *Uncontested Facts:*

      1.     Plaintiff's Uncontested Facts

   Plaintiff is a Hispanic female over the age of 40 and a resident of Kings County, California. Plaintiff was employed by Defendant from March 2000 to March 2005 as a field sales consultant. Subsequently in 2005, Defendant made Plaintiff a technology sales specialist, a new position. Plaintiff's sales territory was located in the San Joaquin Valley. Plaintiff was terminated in February 2008.

      2.     Defendant's Uncontested Facts

   Plaintiff was hired in March 2000 to work as a field consultant in the Bay Area. Plaintiff's employment was terminated in February 2008. Plaintiff's former territory is serviced by a white male.

   B.     *Contested Facts:*

   1.     Plaintiff's Contested Facts

      a.     In March 2005 an agreement was reached whereby Plaintiff moved to the San Joaquin Valley to generate a territory for Defendant;

      b.     That it was agreed Plaintiff would be given the opportunity to expand her

territory to the Central Coast area of California;

c. Plaintiff was successful as a field sales consultant and had no disciplinary or other adverse actions taken against her by Defendant;

d. After Plaintiff moved to the San Joaquin Valley, her Regional Manager changed the terms and conditions of her employment which became increasingly hostile and Plaintiff became aware of discriminatory treatment of women and persons of color;

e. That in April 2007 Plaintiff's position was changed to technology sales specialist;

f. That Plaintiff was not provided training and support like white male co-workers;

g. After Plaintiff's termination her territory was assigned to a while male.

h. Plaintiff timely filed a complaint with the California Department of Fair Employment and Housing.

2. Defendant's Contested Facts

a. Defendant contests that there was an agreement whereby Plaintiff was moved to the San Joaquin Valley to generate a territory for Henry Schein and that she would be able to expand that territory to the Central Coast of California.

b. Defendant contests the boundaries of Plaintiff's sales territory.

c. Defendant contests that Plaintiff was successful as a Field Sales Consultant and had no disciplinary or other adverse actions taken against her.

d. Defendant contests that Plaintiff's regional manager changed the terms and conditions of her employment, and that he became increasingly hostile.

e. Defendant contests that there was any discriminatory treatment of females or employees of color.

f. Defendant contests that the women who were successful in their territories

4

had their territories assigned to men and that men were allowed to encroach on women's territories while women were not allowed to do so, or were disciplined for contacting a man's accounts or working in his territory.

g. Defendant contests that Plaintiff's position was changed in April 2007 to that of technology specialist, that she was assigned to a non exclusive territory in the San Joaquin Valley, and that when Plaintiff transferred positions, Defendant assigned her successful field sales territories primarily to Caucasians.

h. Defendant contests that it provided different training and support to employees based on their race, sex or age.

i. Defendant contests that Defendant prevented Plaintiff from meeting her production requirements.

**V.     Legal Issues**

A.   *Undisputed Legal Issues:*

Jurisdiction and venue are not disputed. The parties agree that California law applies to the substantive claims under the Fair Employment and Housing Act. Cal Gov't Code § 12900 et seq.

B.   *Disputed Legal Issues:*

Defendant disputes liability as to each claim in the complaint. Defendant incorporates by reference the affirmative defenses asserted in its answer.

**VI.    Consent to the Magistrate Judge**

Pursuant to 28 U.S.C. § 636(c), the parties have not consented to conduct all further proceedings in this case, including trial, before the Honorable Gary S. Austin, U.S. Magistrate Judge.

**VII.   Discovery Plan and Cut-Off Date**

The parties are ordered to complete all initial disclosures pursuant to Fed. R. Civ. P. Rule 26(a)(1) no later than **February 20, 2009.** All discovery pertaining to non-experts must be

1  completed on or before **July 31, 2009.**

2  The parties are directed to disclose all expert witnesses, in writing, on or before **August
3  7, 2009**.  The parties also shall disclose all supplemental experts on or before **August 21, 2009.**
4  The written designation of experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2),**
5  **(A) and (B) and shall include all information required thereunder.**  Failure to designate
6  experts in compliance with this order may result in the Court excluding the testimony or other
7  evidence offered through such experts that are not disclosed pursuant to this order.

8  The parties are directed to complete all expert discovery on or before **September 18,**
9  **2009.**  The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to
10 experts and their opinions.  Experts must be fully prepared to be examined on all subjects and
11 opinions included in the designation.  Failure to comply will result in the imposition of sanctions,
12 which may include striking the expert designation and preclusion of expert testimony.

13          **VIII.   Pre-Trial Motion Schedule**

14 All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no
15 later than **September 18, 2009.**  The Court will set a hearing date for such motions, if any.  Non-
16 dispositive motions are heard on Fridays at 9:30 a.m., before the Honorable Gary S. Austin,
17 United States Magistrate Judge in Courtroom 10.  **Counsel must comply with Local Rule 37-**
18 **251 with respect to discovery disputes or the motion will be denied without prejudice and**
19 **dropped from calendar.**

20 In scheduling such motions, the Magistrate Judge may grant applications for an order
21 shortening time pursuant to Local Rule 6-142(d).  However, if a party does not obtain an order
22 shortening time, the notice of motion *must* comply with Local Rule 37-251.

23 Counsel or pro se parties may appear and argue non-dispositive motions by telephone,
24 providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no
25 later than five (5) court days before the noticed hearing date.  In the event that more than one
26 party requests to appear by telephone then it shall be the obligation of the moving part(ies) to

27
28

arrange and originate a conference call to the court.

All Dispositive Pre-Trial Motions shall be filed no later than **October 16, 2009** and heard in Courtroom 2 before the Honorable Anthony W. Ishii. In scheduling such motions, the parties shall comply with **Local Rules 78-230 and 56-260**.

### IX. Pre-Trial Conference Date

The pre-trial conference will be held on **January 21, 2010 at 8:30** a.m. in Courtroom 2 before the Honorable Anthony W. Ishii.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect X3[1] format, directly to Judge Austin's chambers by emailing it to awiorders@caed.uscourts.gov.

The parties' attention is directed to **Rules 16-281 and 16-282 of the Local Rules of Practice for the Eastern District of California**, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

### X. Trial Date

The trial will be held on **March 23, 2010**, at **8:30 a.m.** in Courtroom 10 before the Honorable Anthony W. Ishii, Chief United States District Court Judge.

    A.    This is a jury trial.

    B.    Parties' Estimate of Trial Time: 10 days.

The parties' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 16-285, for preparation of trial briefs.

### XI. Settlement Conference

The Settlement Conference will be conducted in Courtroom 10 by Magistrate Judge Gary S. Austin on **November 18, 2009 at 10:30 a.m.** Unless otherwise permitted in advance by the

---

[1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

Court, **the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[2] at the conference.

### CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five (5) court days prior to the Settlement Conference the parties shall submit, directly to Magistrate Judge Austin's chambers by email to gsaorders@caed.uscourts.gov, a Confidential Settlement Conference Statement.  The statement **should not be filed** with the Clerk of the Court **nor served on any other party**, although the parties may file a Notice of Lodging of Settlement Conference Statement.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  The parties are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

The Confidential Settlement Conference Statement shall include the following:

    A.  A brief statement of the facts of the case.

    B.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    C.  A summary of the proceedings to date.

    D.  An estimate of the cost and time to be expended for further discovery, pretrial and trial.

---

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible, the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

                E.  The relief sought.

                F.  The party's position on settlement, including present demands and offers and a
                history of past settlement discussions, offers and demands.

        Should the parties desire an additional settlement conference, they will jointly request one of the court, and one will be arranged. In making such request, the parties are directed to notify the court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

**XII.    Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

        The plaintiff reserves the right to bifurcate punitive damages.

**XIII.    Related Matters Pending**

        The parties have not identified any related matters.

**XIV.    Compliance with Federal Procedure**

        The parties are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XV.    Effect of this Order**

        The foregoing order represents the best estimate of the Court and the parties as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

        Stipulations extending the deadlines contained herein will not be considered unless they

are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **January 29, 2009**     /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE